# Budden *against* Petriken.

An account, against the plaintiff by a third person, merely proved by a deposition, " to have been faithfully made out from the original entries in the books of the deponent," is not competent evidence for the plaintiff.   Nor would the books themselves be admissible with no better proof of authentication.

ERROR to the common pleas of *Lycoming* county.

The action was assumpsit by Thomas J. Petriken against Dr James Budden.

During the progress of the trial of the cause it became necessary for the plaintiff to give in evidence an account against himself in the books of Yates & M'Intire of the *city* of Philadelphia.   He offered in evidence a statement of the account together with the deposition of Daniel M'Intire, one of the firm; " That the account

[Budden v. Petriken.]

was faithfully made out from the original entries in the books of Yates & M'Intire, with which it has been faithfully compared by the deponent; and he verily believes it to be in all respects just and correct."

The evidence was objected to, but the court overruled the objection, and the evidence was admitted.

This was the only error assigned, and was argued by

*S. Hepburn,* for plaintiff in error, who cited 1 *Stark. Ev.* 155; Juniatta Bank *v.* Brown, 5 *Serg. & Rawle* 226. Ridgeway *v.* Bank, 12 *Serg. & Rawle* 256.

*Ellis* and *Bancroft, contra.*

PER CURIAM.—The books themselves, accompanied with no better proof of authentication, would not have been admissible. There is not even proof that they are books of original entries. It is indeed sworn that the account is made out from the original entries in these books; but that gives no definite information of the character of the books, which, though containing original entries may not be the books of the original entries kept in the current course of the business, and therefore not original in the sense which the law requires. Beside, no account is given of the person by whom the entries were made; and why, if he were a clerk, they are not corroborated by his oath. Without saying then whether a compared copy of a merchant's book would be competent, it is sufficient here that the book itself would not have been so.

Judgment reversed, and a *venire de novo* awarded.